COPY

E-filing

ORIGINAL FILED
07 SEP 21 PM 1:34
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  MICHAEL J. STORTZ (State Bar No. 139386)
   BETH O. ARNESE (State Bar No. 241186)
2  DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
3  San Francisco, California 94105-2235
   Telephone: (415) 591-7500
4  Facsimile: (415) 591-7510

5  Attorneys for Defendant
   VONAGE HOLDINGS CORP.

UNITED STATES DISTRICT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ERIC TERRELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VONAGE HOLDINGS CORP., a Delaware Corporation, and DOES 1 through 10,<br><br>Defendants. | Case No. C 07 4907 EMC<br><br>Removed from Superior Court for the County of Alameda, Case No. RG07337278<br><br>**NOTICE OF REMOVAL** |

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

1  Defendant Vonage Holdings Corp. ("Vonage"), by and through its undersigned
2  counsel and pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, hereby gives notice of the
3  removal of the above-captioned matter from the Superior Court of the State of California
4  for the County of Alameda to the United States District Court for the Northern District of
5  California. In support thereof, Vonage avers as follows.

### JURISDICTIONAL STATEMENT

7  1.  On February 18, 2005, the Class Action Fairness Act of 2005 (CAFA), Pub.
8  L. No. 109-2, 119 Stat. 4 (2005) became law. It grants federal courts jurisdiction over
9  qualifying class actions in which there is minimal diversity, the aggregate amount in
10 controversy exceeds $5,000,000, and there are 100 or more class members. *See* 28
11 U.S.C. §§ 1332(d)(2)(A), 1332(d)(5)(B), 1332(d)(6). It applies to any class action that is
12 "commenced" on or after its effective date, i.e., February 18, 2005. *See* 28 U.S.C. § 1332
13 note.

14 2.  On or about July 24, 2007, more than two years after CAFA's effective
15 date, Plaintiff commenced this putative class action by filing a Complaint in the Superior
16 Court of the State of California for the County of Alameda under the caption *Eric Terrell*
17 *v. Vonage Holdings Corporation* and docket number RG07337278. *See* Compl. (attached
18 hereto as part of Exhibit A).

19 3.  Accordingly, this action falls within CAFA's scope and diversity
20 jurisdiction exists so long as: (a) there is minimal diversity; (b) the aggregate amount in
21 controversy exceeds $5,000,000; and (c) there are 100 or more class members.

22 4.  Plaintiff brings this putative class action on behalf of the following class:
23 "For the period March 13, 2003 through the date of the trial, all Vonage Customers
24 residing in the state of California who received a billing credit of one month pursuant to
25 Vonage's One Month Free promotion, but did not have full use of the Vonage service
26 during that entire one month period due to the fact that 1) Vonage had not yet delivered
27 the necessary equipment or 2) Vonage had not yet completed the porting of the previous
28 phone number." Compl. ¶ 12. That putative class consists of subscribers who are

DRINKER BIDDLE & REATH LLP
0 Fremont Street, 20th Floor
San Francisco, CA 94105

citizens of California, *id.* ¶¶ 1, 12, as well as subscribers who are temporarily "residing" in California even though they are domiciled in, and thus citizens of, other states. *See, e.g., Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

5. Vonage is a citizen of Delaware and New Jersey because it is incorporated under the laws of Delaware and has its principal place of business in New Jersey. *See* 28 U.S.C. § 1332(c)(1); *see also* Declaration of Rennard Snowden ("Snowden Decl.") ¶ 4.

6. Accordingly, there is at least minimal diversity between Vonage and the members of the putative class. *See* 28 U.S.C. § 1332(d)(2)(A).

7. Plaintiff alleges that the putative class consists of more than 100 members. *See* Compl. ¶ 14.

8. Indeed, between March 2003 and March 2007, over 300,000 persons with billing addresses in California became Vonage subscribers. *See* Snowden Decl. ¶ 5. Of the subscribers in California, whether through a certain service plan or by special promotion, at least 225,000 customers received one month or more of Vonage service for free. *Id.*

9. Accordingly, there are more than 100 putative class members. *See* 28 U.S.C. § 1332(d)(5)(B).

10. Plaintiff has advanced claims against Vonage for unjust enrichment, breach of contract, negligent misrepresentation, and violations of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200 *et seq.*, and False Advertising Law ("FAL"), Bus. & Prof. Code § 17500 *et seq.*, because he claims that Vonage has not fulfilled promises made in its offers of one (or more) months of free service. Specifically, beginning March 13, 2003, Plaintiff complains that Vonage subscribers in California have suffered because Vonage's free service promotions and/or service plans did not provide a full month of free service. Compl. ¶ 2.

11. Plaintiff also "reserves the right to allege other violations of law which constitute unlawful acts or practices." Compl. ¶ 21. This may refer to California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*, which entitles

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

successful plaintiffs to an award of punitive damages and exposes defendants to possible civil penalties.

12. On behalf of all putative class members, Plaintiff seeks damages, restitution, disgorgement, attorneys' fees and costs and disbursements. *See* Compl., Prayer for Relief ¶ C-D. Plaintiff also seeks equitable and injunctive relief. *See id.*, Prayer for Relief ¶ B.

13. Vonage denies it has any liability to Plaintiff or the putative classes and/or that any such class could be properly certified under Federal Rule of Civil Procedure 23.[1] Plaintiff's non-binding, conclusory allegations notwithstanding, *id.* ¶ 14 ("*On information and belief*, the amount in controversy does not exceed $5,000,000.") (emphasis added), the amount of the monetary damages award sought by the Plaintiff for the claims discussed above, coupled with the cost to Vonage of complying with the requested injunctive relief, would exceed $5,000,000. *See* Snowden Decl. ¶¶ 7-8.[2] Accordingly, the alleged aggregate amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

14. Because there is minimal diversity, more than 100 putative class members and an aggregate amount in controversy in excess of $5,000,000, this Court has original subject matter jurisdiction over this putative class action. *See* 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs,

---

[1] By removing an action under CAFA, a defendant does not concede that it has any liability, let alone liability of greater than $5,000,000, to the members of the putative class. *See, e.g., Key v. DSW, Inc.*, No. 06-0459, 2006 WL 2794930, at *7 (S.D. Ohio Sept. 27, 2006).

[2] Consideration of evidence outside the pleadings is appropriate when, as in this case, the plaintiff does not affirmatively set forth a precise amount in controversy. *See, e.g., Kroske v. U.S. Bank Nat'l Assn.*, 432 F.3d 976, 980 (9th Cir. 2005) (where the amount in controversy was not facially apparent from the complaint, the district court properly considered additional evidence).

and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant . . . .").

15. Because Plaintiff's Complaint states a basis for original subject matter jurisdiction under 28 U.S.C. § 1332, this action is removable pursuant to 28 U.S.C. § 1441(a).

**PROCEDURAL STATEMENT**

16. Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit A is a true and correct copy of the Complaint and all other process, pleadings and orders that Plaintiff presented to counsel for Vonage in connection with a proposal for waiver of service.

17. As the complaint has not been served on Vonage, the Notice of Removal is timely filed.

18. Pursuant to 28 U.S.C. § 1441(a), removal to the United States District Court for the Northern District of California is proper because that District embraces the Superior Court of the State of California for the County of Alameda, the place where this action is currently pending. See 28 U.S.C. § 84(a) ("The Northern District comprises the counties of Alameda . . .").

19. Pursuant to 28 U.S.C. § 1446(d), Vonage will promptly file a copy of this Notice of Removal in the Superior Court of the State of California for the County of Alameda, and give written notice of the removal of this action to counsel for Plaintiff.

20. By removing the action to this Court, Vonage does not waive any defenses, objections or motions available to it under state or federal law, including the right to move for dismissal of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

///
///
///
///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

1  **WHEREFORE**, pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, Vonage respectfully removes to federal court the above-captioned civil action, which is currently pending in the Superior Court of the State of California for the County of Alameda.

Dated: September 21, 2007

DRINKER BIDDLE & REATH LLP

_/s/ Michael J. Stortz_

MICHAEL J. STORTZ
Attorneys for Defendant
VONAGE HOLDINGS CORP.

**Of Counsel:**
Andrew B. Joseph
(not admitted in California)
DRINKER BIDDLE & REATH LLP
A Delaware Limited Liability Partnership
500 Campus Drive
Florham Park, New Jersey 07932
Telephone: (973) 360-1100
Facsimile: (973) 360-9831

## CERTIFICATE OF SERVICE

I, CAMELIA SANCHEZ, declare that:

I am at least 18 years of age, and not a party to the above-entitled action. My business address is 50 Fremont Street, 20th Floor, San Francisco, California 94105, Telephone: (415) 591-7500.

On September 21, 2007, I caused to be served the following document(s):

**NOTICE OF REMOVAL**

by enclosing a true copy of (each of) said document(s) in (an) envelope(s), addressed as follows:

☐ BY MAIL: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposed with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed, and with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

☐ BY PERSONAL SERVICE: I caused such envelopes to be delivered by a messenger service by hand to the address(es) listed below:

☑ BY OVERNIGHT DELIVERY: I enclosed a true copy of said document(s) in a Federal Express envelope, addressed as follows:

☐ BY FACSIMILE: I caused such documents to be transmitted by facsimile transmission and mail as indicated above.

AMAMGBO & ASSOCIATES
DONALD AMAMGBO, ESQ.
7901 Oakport St., Ste. 4900
Oakland, CA 94621

LAW OFFICES OF
LAWRENCE D. NWAJEI
Lawrence D. Nwajei
5850 Canaga Avenue, Ste. 400
Woodland Hills, CA 91367

REGINALD TERRELL, ESQ.
THE TERRELL LAW GROUP
223 25th Street
Richmond, CA 94804

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 21, 2007 at San Francisco, California.

_____
CAMELIA SANCHEZ

# EXHIBIT A

*5882206*

AMAMGBO & ASSOCIATES
DONALD AMAMGBO, ESQ.
7901 Oakport Street, Suite 4900
Oakland, California 94621
Telephone: (510) 615-6000
Facsimile: (510) 615-6025

REGINALD TERRELL, ESQ.
THE TERRELL LAW GROUP
223 25th Street
Richmond, California 94804
Telephone: (510) 237-9700
Facsimile: (510) 237-4616

LAW OFFICES OF LAWRENCE D. NWAJEI
Lawrence D. Nwajei
5850 Canaga Avenue, Suite 400
Woodland Hills, CA 91367
Telephone: 818-710-2775

Attorneys for Plaintiff

FILED
ALAMEDA COUNTY
JUL 2 4 2007
CLERK OF THE SUPERIOR COURT
By _____ Deputy

SUMMONS ISSUED

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

ERIC TERRELL, individually and on behalf of all others similarly situated,

Plaintiff,

v.

VONAGE HOLDINGS CORP., a Delaware Corporation, and DOES 1 through 10,

Defendant.

Case No.: RG07337278

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

[JURY TRIAL DEMANDED]

---

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1

Plaintiff Eric Terrell ("Plaintiff"), by and through his attorneys, alleges upon personal knowledge as to itself and its acts stated herein, and as to all other matters upon information and belief based upon, *inter alia*, the investigations made by his attorneys, as follows:

## I.
## NATURE OF ACTION

1. Plaintiff brings this action on behalf of a class of Vonage Holdings, Inc. ("Vonage") customers residing in California who signed up for Vonage service during the past four years during the times Vonage was offering "One Month Free" services to new subscribers of its high speed internet based telephone service. Vonage starts the free month service on the date the customers calls to *order* service, even though the *actual* service does not begin for up to three weeks later. Plaintiff seeks monetary and injunctive relief to compensate class members for the improperly collected service fees.

## II.
## JURISDICTION AND VENUE

2. Defendant Vonage has offered and sold, and continues to offer and sell, the Vonage service at issue in this action to persons residing in Alameda county. The unfair and illegal business practices, improper acts, and false advertising alleged herein have occurred in Alameda County.

## III.
## PARTIES

3. Plaintiff Eric Terrell is a resident of Alameda County, California.

4. Defendant, Vonage Holdings Corp. is a Delaware corporation with its principal place of business in Edison, New Jersey.

5. Plaintiff is unaware of the true names and capacities of defendant sued herein as DOES 1 through 10, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, each of said fictitiously-named defendants is in some manner responsible for the acts, omissions, injuries and/or damages alleged herein.

1  Plaintiff will amend this complaint to allege the true names and capacities of said fictitiously-named
2  defendants when the same have been ascertained.

## IV.
## SUBSTANTIVE ALLGATIONS

6. Voice Over Internet Protocol ("VoIP") is an internet technology allows people to make telephone calls with a computer, a telephone adapter, and a high speed DSL internet connection. According to news reports, Vonage is the largest VoIP telephone service provider in the nation with over two (2) million customers.

7. Vonage has aggressively marketed its service through print, radio, Internet, and television advertisements. According to reports, it spends over $200 in acquisition costs per customer. One of the marketing promotions Vonage advertises is an offer of a free month of service for new customers subscribing to its "$24.99 unlimited residential plan." In its advertisements, Vonage promises potential customers: "Keep your current telephone number." is, new customers are able to keep the same number currently assigned to them; this is an extremely important component of switching service for most customers.

8. On January 10, 2005, Plaintiff, having heard about, and interested in, the free month service promotion, agreed to sign up for service. A Vonage representative assisted him with setting up a new account for the $24.99 unlimited residential plan. The representative explained Vonage would ship a telephone adapter to him, which is required for the VoIP service. The representative also explained it might take a few weeks to port (i.e. transfer) its current telephone number to Vonage from its the-current service provider.

9. The modem arrived by DHL Express Ground Delivery on or about January 17, 2005. On January 30, 2005, Plaintiff received an email notification from Vonage stating, "We have successfully transferred your existing telephone number to your account." Thus, January 30, 2005 was the first date Plaintiff was able to use the Vonage service with its previous telephone numbers and the first date Plaintiff actually utilized the Vonage service.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
3

10. When Plaintiff received its bill from Vonage, he noticed Vonage had credited him for the time period beginning on the date service was *ordered*, January 10, 2005, not the date the service was ready for use with its previous telephone number, January 30, 2005. He contacted Vonage to demand the proper credit beginning on January 30, 2005. Vonage refused to give him a credit for the 20 days during which he was unable to utilize the services as represented. Furthermore, Plaintiff continued to pay its previous service provider Pacific Bell/ATT during the period January 10, 2005 through January 30, 2005.

11. Vonage has been depriving its customers of a significant portion of the free month service it advertisers and represents it will provide. It conceals and/or fails to disclose its practices is to begin the free month service on the date the customer *orders* the service rather than on the date customer's service is actually ready for use with the previous telephone number.

## V.
## CLASS ALLEGATIONS

12. Plaintiff brings this suit as a class action under Section 382 of the Code of Civil Procedure on behalf of the following class of persons:

> For the period March 13, 2003 through the date of the trial, all Vonage Customers residing in the state of California who received a billing credit of one month pursuant to Vonage's One Month Free promotion, but did not have full use of the Vonage service during entire one month period due to the fact 1) Vonage had not yet delivered the necessary equipment and or 2) The porting of the previous telephone number was incomplete.

13. Excluded from the class are the defendants herein, any person, firm, trust, corporation, officer, director or other individual or entity in which the defendants have a controlling interest and the legal representatives, heirs, successors-in-interest or assigns of any such excluded party.

14. These are tens of thousands of Vonage customers who meet the class definitions and joinder of all such Vonage customers would be impracticable. On information and belief, the amount in controversy does not exceed $5,000,000. Plaintiff's claims are typical of the claims of the members of the Class.

15. Plaintiff will fairly and adequately protect the interests of the members of the Class and Plaintiff has no interest which is contrary to or in conflict with those of the Class members he seeks to represent. Plaintiff has retained competent counsel experienced in class action litigation to further ensure such protection and he intends to prosecute this action vigorously.

16. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the future harm suffered by individual members of the Class may be relatively small, the expense and burden of individual make it impossible for the members of the Class to individually redress the wrongs done to them. Plaintiff knows of no difficulty will be encountered in the management of this litigation make it impossible for the members of the Class to individually redress the wrongs done to them. Plaintiff knows of no difficulty will be encountered in the management of this litigation would preclude its maintenance as a class action.

17. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class.

## VI.
## FIRST CAUSE OF ACTION

(Violation of Bus. & Prof. Code § 17200)
(Against all Defendants)

18. Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

19. The acts and practices of defendant as alleged herein constitute unlawful, unfair, and fraudulent business acts and practices within the meaning of California Business & Professions Code § 17200, *et seq.*

20. Defendants have engaged in "unlawful" business acts and practices by violating Bus. & Prof. Code § 17500, *et seq.*

21. Plaintiff reserves the right to allege other violations of law which constitute unlawful acts or practices. Such conduct is ongoing and continues to this date.

22. Defendants have also engaged in a "fraudulent" business act or practice in the representations and omissions described herein are false and/or likely to deceive potential and current customers.

23. Defendants have also engaged in "unfair" business acts or practices in the harm caused by defendants' conduct outweighs any utility of such conduct and such conduct, offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, and causes substantial injury to consumers.

24. The aforementioned unlawful, fraudulent, and unfair business acts or practices conducted by defendants continue to this day. Defendants have failed to publicly acknowledge the wrongful nature of their actions and have not corrected the advertisements.

25. As a direct and proximate result of these acts, consumers have been and are being harmed. Plaintiff brings this action pursuant to Sections 17203 and 17204 for injunctive relief to enjoin the practices described herein.

## VII.
## SECOND CAUSE OF ACTION

Untrue and Misleading Advertising
Bus. & Prof. Code §§ 17500, *et seq.*
(Against all Defendants)

26. Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

27. California's False Advertising law (Bus. & Prof. Code §§ 17500, *et seq.*) makes it unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statements, concerning . . . personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

28. Defendant disseminated to member of the public in this state, statements relating to the free month advertising campaign.

29. The statements were untrue and misleading.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

6

30. Defendants knew or should have known, through the exercise of reasonable care the statements were untrue and misleading.

31. Defendants' actions in violation of Section 17500 were false and misleading such that the general public it was likely to be deceived.

32. As a direct and proximate result of these acts, consumers have been and are being harmed. Plaintiff brings this action pursuant to Sections 17535 for injunctive relief to enjoin the practices described herein.

## XIII.
## THIRD CAUSE OF ACTION
UNJUST ENRICHMENT/RESTITUTION
(Against all Defendants)

33. Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

34. Defendants were unjustly enriched at Plaintiff's and the putative class' expense Defendant should restore the ill-gotten gains to Plaintiff and the class.

## IX.
## FOURTH CAUSE OF ACTION
BREACH OF CONTRACT
(Against all Defendants)

35. Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

36. Plaintiff and defendants entered into a valid and binding contract in the form of Vonage's offer of the "1 Month Free" promotion and Plaintiff's acceptance of the offer.

37. Plaintiff fulfilled all of its obligations under the contract.

38. Defendants breached the contract by failing to provide a free month of service.

39. Plaintiff and the class suffered damages as a result of the breach.

## X.
## FIFTH CAUSE OF ACTION

NEGLIGENT MISREPRESENTATION
(Against all Defendants)

40. Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

41. Defendants negligently and recklessly made misrepresentations as to past or existing material facts, as set forth above.

42. Defendants' representations were untrue.

43. Defendants had no reasonable grounds for believing the misrepresentations to be true.

44. Defendants made the misrepresentations with the intent to induce Plaintiff and the class to rely upon them.

45. Plaintiff was unaware of the falsity of defendants' representations.

46. Plaintiff acted in reliance upon the truth of defendants' representations.

47. Plaintiff's reliance on defendants' representations was justified.

48. As a direct and proximate result of Plaintiff's reliance on defendants' misrepresentations, Plaintiff has suffered damages.

## PRAYER

WHEREFORE, Plaintiff requests of this Court the following relief:

A. A determination that this action may be properly maintained as a class action;

B. Equitable and injunctive relief enjoining Defendants from pursuing the acts and practices described in this Complaint;

C. Damages, restitution and/or disgorgement in an amount to be determined at trial;

D. The costs and disbursements incurred by Plaintiff in connection with this action, including reasonable attorneys' fees as permitted by law; and

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

8

E. Such other and further relief as the Court deems just and proper.

Dated: July 23, 2007

By: *Reginald Terrell*

DONALD AMAMGBO, ESQ.
AMAMGBO & ASSOCIATES
7901 Oakport Street, Suite 4900
Oakland, California 94621
Telephone: (510) 615-6000
Facsimile: (510) 615-6025

REGINALD TERRELL, ESQ.
THE TERRELL LAW GROUP
223 25th Street
Richmond, California 94804
Telephone: (510) 237-9700
Facsimile: (510) 237-4616

LAW OFFICES OF NWAJEI & COMPANY
Lawrence D. Nwajei
5850 Canaga Avenue, Suite 400
Woodland Hills, CA 91367
Telephone: 323-549-0201